UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 19 2014
```

AKUA STOKES now known as
AKUA QUANSAH,

                           Plaintiff,

               -v-

ALC OF NEW YORK LLC d/b/a AMERICAN
LASER CENTERS,

                           Defendant.

------------------------------------------------------------------X

12-cv-7379 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

     Before the Court is plaintiff's motion for default judgment under Federal

Rule of Civil Procedure 55(b).  (ECF No. 14.)  For the reasons set forth below,

plaintiff's motion is GRANTED IN PART AND DENIED IN PART.  The Court

enters default judgment against defendant ALC of New York LLC doing business

as American Laser Centers on three of the five causes of action in plaintiff's complaint.

I.     BACKGROUND

     On October 2, 2012, plaintiff Akua Stokes, now known as Akua Quansah,

filed this diversity action against defendant ALC of New York LLC doing business

as American Laser Centers.  On October 5, 2012, plaintiff served defendant by

personal delivery via an authorized agent in the Office of the New York Secretary of

State.[1]  (ECF No. 11.)  Defendant did not answer, move against, or otherwise respond to the complaint.

On March 14, 2013, defendant filed a suggestion of bankruptcy and, on April 5, 2013, the Court ordered a stay pursuant to 11 U.S.C. § 362(a).  (ECF Nos. 6, 7.) On March 17, 2014, the Court ordered the parties to provide a status update; on March 19, 2014, plaintiff informed the Court that defendant ALC of New York was insolvent and had not responded to plaintiff's communications.  (ECF Nos. 8, 9.) Defendant has not responded to the Court's March 17, 2014 order and has not otherwise communicated with the Court since March 2013.

Pursuant to Rule 55, a court must follow a two-step process before entering a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed R. Civ. P. 55(a).  Second, unless "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the party seeking default judgment "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).

On March 25, 2014, the Clerk of this Court issued a certificate of default stating that defendant had not filed an answer or otherwise moved with respect to the complaint.  (ECF No. 12.)  On March 31, 2014, plaintiff moved for default judgment under Rule 55(a) and served defendant with a notice of the motion.  (ECF Nos. 14, 15.)  Also on March 31, 2014, the Court ordered the parties to appear at a

[1] Personal delivery upon the Office of the New York Secretary of State is complete service for a foreign limited liability company authorized to transact business in New York.  N.Y. Ltd. Liab. Co. Law § 303(a).

2

hearing on April 25, 2014, so that defendant could show cause why default should not be entered against it. (ECF No. 16.) On April 2, 2014, plaintiff served defendant with the order to show cause. (ECF No. 17.) Defendant failed to respond to plaintiff's motion or to appear at the April 25, 2014 show cause hearing.

Other than the aforementioned suggestion of bankruptcy, defendant has not sought to defend itself during this action and has not communicated with the Court or plaintiff in any way.[2]

III.   DISCUSSION

Prior to entering a default judgment, the Court must determine whether the allegations set out in the complaint establish that defendant is liable as a matter of law. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). "New York state law applies to this tort action because a federal court sitting in diversity applies the law of the forum state and because New York is the state where the tort occurred." Velez v. Sebco Laundry Sys., Inc., 178 F. Supp. 2d 336, 339 (S.D.N.Y. 2001). Because defendant has failed to "plead or otherwise defend" itself in this action, Fed R. Civ. P. 55(a), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. See Finkel, 577 F.3d at 84.

---

[2] In addition to serving defendant ALC of New York, plaintiff also served an entity called American Laser Skincare with its motion for default judgment and the order to show cause. (ECF Nos. 15, 17.) The Court notes that, in an April 15, 2014 letter to the Court, American Laser Skincare stated that it purchased some of defendant's assets out of defendant's bankruptcy proceedings, but that it did not assume any of defendant's liabilities. Default judgment is not entered against American Laser Skincare.

3

A.    First and Fifth Causes of Action: Negligence and Negligent
      Maintenance of Equipment

Plaintiff's first cause of action alleges that defendant's employees negligently
performed laser hair removal procedures on plaintiff, resulting in personal injury to
her. (Compl. ¶¶ 28–36, ECF No. 13-1.) Her fifth cause of action alleges that
defendant's employees negligently maintained, inspected, calibrated, and repaired
the laser hair removal equipment that they used in plaintiff's procedure, thus
resulting in plaintiff's personal injury. (Id. ¶¶ 57–62.)

The standard for these two causes of action is the same. "In order to
establish a prima facie case of negligence under New York law, a claimant must
show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the
defendant breached that duty; and (3) the plaintiff suffered damage as a proximate
result of that breach." Stagl v. Delta Airlines, Inc., 52 F.3d 463, 467 (2d Cir. 1995);
see also Donellan v. Ferag, Inc., 26 F. App'x 72, 74 (2d Cir. 2002) (discussing the
standard for negligent maintenance of equipment); see also Prendergast v. Hobart
Corp., No. 04 Civ. 5134 (SMG), 2010 WL 3199699, at *6 (E.D.N.Y. Aug. 12, 2010)
(same for repair of equipment). "To carry the burden of proving a prima facie case,
the plaintiff must generally show that the defendant's negligence was a substantial
cause of the events which produced the injury." Derdiarian v. Felix Contracting
Corp., 51 N.Y.2d 308, 315 (1980) (citations omitted).

Here, plaintiff alleges that defendant, which provided laser hair removal
services to plaintiff, owed plaintiff a duty to perform such a service safely and to
maintain its equipment to provide for plaintiff's safety. (Compl. ¶¶ 16, 29, 31, 58.)

4

Plaintiff also alleges that the laser hair removal procedure that defendant performed caused plaintiff to sustain severe, serious, and permanently disabling personal injuries, including facial burns and pain and swelling of the face; thus, defendant breached its duty of care.  (Id. ¶¶ 32–36.)[3]  Additionally, plaintiff alleges that defendant and its employees maintained, inspected, calibrated, and repaired defendants' laser hair removal equipment used on plaintiff such that plaintiff sustained injury; therefore, defendant breached its duty of care.  (Id. ¶¶ 57–62.) Finally, plaintiff alleges that these two breaches proximately caused plaintiff's injuries.  (Id. ¶¶ 35, 62.)  As a result, defendant is liable to plaintiff on her first and fifth causes of action.

For these reasons, the Court enters default judgment against defendant on plaintiff's first and fifth causes of action.

B.    Second Cause of Action: Negligent Supervision or Retention

Plaintiff alleges that defendant negligently hired, trained, and supervised its employees.  (Compl ¶¶ 37–41.)  "To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship, (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence, and (3) that the tort was committed on the employer's premises or with

---

[3] Defendant is vicariously liable for the acts of its employees performed "while acting within the scope of employment." Riviello v. Waldron, 47 N.Y.2d 297, 302 (1979). Here, defendant's general business was laser hair removal; therefore, defendant's employees engaged in laser hair removal acted within the scope of employment, and defendant is vicariously liable for those acts. (See Compl. ¶¶ 9–26.)

5

the employer's chattels." <u>Ehrens v. Lutheran Church</u>, 385 F.3d 232, 235 (2d Cir. 2004) (citations and internal quotation marks omitted).

Plaintiff adequately pleads that defendants' employees were careless, unskillful, and negligent, and did not possess necessary knowledge, skills and certifications; that plaintiff suffered harm as a result; that defendants' employees performed the harmful acts on plaintiff; and that defendants' employees committed the tort in question with their employer's chattels. (Compl. ¶¶ 16, 19–26, 39–41.) However, plaintiff does not allege that defendant had a duty to train or supervise its employees in any other manner (<u>see</u> Compl. ¶¶ 37–41); plaintiff therefore fails to plead one of the elements of a negligence claim. <u>See Stagl</u>, 52 F.3d at 467. Additionally, plaintiff does not allege that defendant knew or should have known for its employees' propensity for the relevant conduct (<u>see</u> Compl. ¶¶ 37–41); plaintiff thus fails to plead one of the three additional elements of a negligent supervision claim. <u>See Ehrens</u>, 385 F.3d at 235.

For these reasons, the Court denies plaintiff's motion with respect to her second cause of action.

C.    <u>Third Cause of Action: Practice of Medicine Without a License</u>

Plaintiff's third cause of action alleges that defendant was negligent because defendant practiced medicine without a license in violation of New York regulations. (Compl. ¶¶ 42–49.) "As a rule, violation of a State statute that imposes a specific duty constitutes negligence per se, or may even create absolute liability. By contrast, violation of a municipal ordinance constitutes only evidence

6

of negligence." Elliott v. N.Y.C., 95 N.Y.2d 730, 734 (2001) (citations omitted).[4]
Pursuant to the Codes, Rules, and Regulations of the State of New York, "[n]o
appearance enhancement licensee shall be authorized to diagnose or treat diseases,
including diseases of the skin, hair and nails. Such activity is within the practice of
medicine. An owner shall not permit the practice of medicine at its business
location without appropriate licensure therefor." N.Y. Comp. Codes R. & Regs. tit.
19, § 160.27(c).

Plaintiff adequately alleges that laser hair removal is a practice of medicine
to which section 160.27(c) applies; that defendant's employees were not licensed to
practice medicine; and that defendant's unlawful practice of medicine proximately
caused harm to plaintiff. (Compl. ¶¶ 43, 45, 46, 48.) However, because such
allegations amount to a violation of New York regulations rather than a New York
statute, defendant's violation of the ordinance constitutes evidence of negligence
rather than negligence per se. See Elliott, 95 N.Y.2d at 734; Jones v. Berman, 37
N.Y.2d 42, 48 (1975) (distinguishing between the Official Compilation of Codes,
Rules and Regulations of the State of New York and state law). Thus, the
allegations here provide evidence for defendant's negligence as alleged elsewhere in
the complaint, but do not form an independent count of negligence per se. See
Elliott, 95 N.Y.2d at 734; Rizzuto v. L.A. Wenger Contracting Co., 91 N.Y.2d 343,
349 (1998); Long v. Forest-Fehlhaber, 55 N.Y.2d 154, 160 (1982).

---

[4] The Court is mindful that certain sections of the New York City Administrative Code have the
"force of statute" and therefore allow for a finding of negligence per se. Elliott, 95 N.Y.2d at 735.
However, the Court has found no authority supporting the proposition that violations of New York
state regulations, particularly those regulations relevant to the unlawful practice of medicine, may
allow for such a finding.

7

Therefore, the Court denies plaintiff's motion with respect to her third cause of action.

D.      Fourth Cause of Action: Practice of Esthetics Without a License

Plaintiff's fourth cause of action alleges that defendant was negligent because defendant practiced medicine without a license in violation of New York's General Business Law. (Compl. ¶¶ 50–56.) "No person shall engage in the practice of . . . esthetics or cosmetology . . . without having received a license to engage in such practice in the manner prescribed in this article." N.Y. Gen. Bus. Law § 401. The practice of "esthetics" includes providing "services to enhance the appearance of the face . . . whether performed by manual, mechanical, chemical or electrical means and instruments." Id. § 400(6). The practice of "cosmetology" includes esthetics, as well as "providing service to the hair, head, face, neck or scalp of a human being, including but not limited to shaving, trimming, and cutting the hair." Id. § 400(7).

While plaintiff does not allege explicitly that laser hair removal is a practice of esthetics or cosmetology as defined by section 400 (see Compl. ¶¶ 42–49), laser hair removal procedures fall within the plain text of section 400. Plaintiff alleges that defendant employed unlicensed estheticians in violation of section 401 and that defendant is an owner of an appearance enhancement business. (Compl. ¶¶ 17, 53.) Plaintiff also alleges that defendant's violation of General Business Law § 401 proximately caused plaintiff's personal injury. (Id. ¶ 56.) Finally, because plaintiff alleges a violation of a New York statute rather than regulation, plaintiff's allegations suffice for a finding of negligence per se. See Elliott, 95 N.Y.2d 730 at 734; Dalal v. N.Y.C., 692 N.Y.S.2d 468, 470 (App. Div. 2d Dep't 1999).

8

For these reasons, the Court enters default judgment against the defendant on plaintiff's fourth cause of action.

IV.   DAMAGES

Plaintiff seeks $2 million in damages for personal injuries, pain and suffering, mental anguish, hospital and/or physician services, medications for treatment of her injuries, and incapacitation from her usual undertakings. (Compl. ¶ 62.) Plaintiff also seeks the costs of litigating this action. (Id.)

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "Unless damages are certain, they must be proven in a post-default inquest where the defendant has an opportunity to contest the plaintiff's claims." Norcia v. Dieber's Castle Tavern, Ltd., No. 10 Civ. 4959 (KMK), 2013 WL 5807332, at *5 (S.D.N.Y. Oct. 29, 2013) (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).

Here, plaintiff has submitted a medical report and photographs as evidence of the extent of her damages. (See Edelstein Ltr., Mar. 18, 2014, Exs. B & C.) Such evidence does not render the extent of plaintiff's damages certain. "[P]ersonal injury awards, especially those for pain and suffering, are subjective opinions which are formulated without the availability, or guidance, of precise mathematical quantification." Reed v. N.Y.C., 757 N.Y.S.2d 244, 248 (App. Div. 1st Dep't 2003); see also Callaghan v. Jacobs, No. 08 Civ. 03523 (SHS) (DF), 2010 WL 1221800, at *3 (S.D.N.Y. Mar. 5, 2010) (noting that the court held an inquest hearing to determine

9

the extent of personal injury damage caused by breast augmentation).  Additionally, plaintiff has not presented evidence of costs that she has incurred in this action.

Accordingly, the parties shall appear at an inquest hearing to determine plaintiff's damages for pain and suffering, mental anguish, hospital and/or physician services, medications for treatment of her injuries, and incapacitation from her usual undertakings, as well as the costs incurred in litigating this action.

V.    CONCLUSION

For the reasons set forth above, plaintiff's motion for default judgment is GRANTED IN PART AND DENIED IN PART.  The Court hereby enters default judgment against defendant as to its liability on the first, fourth, and fifth causes of action in plaintiff's complaint.

The parties shall appear for an inquest on **Thursday, June 26, 2014 at 11:00 a.m.** to determine the extent of plaintiff's damages and costs.

The Clerk of Court shall close the motion at ECF No. 14.

SO ORDERED.

Dated:        New York, New York
              June 19, 2014

                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge